IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT RALPH KAPLAN,<br><br>Defendant. | CR. NO. 17-00432 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE), ECF NO. 36 |

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCEt (COMPASSIONATE RELEASE), ECF NO. 36

### I. INTRODUCTION

Defendant Robert Ralph Kaplan ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from FCI Sheridan ("Sheridan"), based on a pre-existing medical condition and the COVID-19 pandemic. The court determines that Defendant has failed to show extraordinary and compelling reasons to warrant release, and, even if he had, the court would deny the motion based on a consideration of the applicable 18 U.S.C. § 3553(a) factors. Thus, for the following reasons, the motion is DENIED.

## II. **BACKGROUND**

Defendant is a 49-year-old inmate incarcerated at Sheridan with a projected release date of June 27, 2027. *See* https://www. bop.gov/inmateloc/ (last visited October 22, 2020).

Defendant pled guilty on January 19, 2018 to: 1) possession with intent to distribute 50 grams or more of methamphetamine; and 2) possession with intent to distribute a detectable amount of cocaine. *See* ECF Nos. 1, 27, 34. On May 3, 2018, Defendant was sentenced to a total term of 186 months imprisonment, and a total term of five years of supervised release. ECF Nos. 33, 34.[1]

Defendant submitted requests for compassionate release to Sheridan's Warden on June 14 and 28, 2020, and then submitted a follow-up request on July 20, 2020. *See* ECF No. 36-4. It appears that the Warden never responded. On October 1, 2020, Defendant filed the instant motion for compassionate release, seeking a reduction of his sentence to time served. ECF No. 36. On October 20,

---

[1] Defendant's total offense level 33, Criminal History Category V, resulted in an advisory United States Sentencing Guideline range of 210 to 262 months incarceration. The court varied downward based on the 18 U.S.C. § 3553(a) factors and sentenced Defendant to a total term of 186 months. *See* ECF No. 35.

2020, the Government filed its Response, ECF No. 40. The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

## III. DISCUSSION

### A.  Legal Standard

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the

reduction is consistent with applicable Sentencing Commission's policy statements. Here, both parties agree that Defendant has exhausted his administrative remedies. *See* ECF No. 36-1 at PageID # 141; ECF No. 40 at PageID # 177.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's medical condition (either terminal or certain serious conditions that substantially diminish the ability of the defendant to provide self-care and from which the defendant is not expected to recover), deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the Bureau of Prisons ("BOP") Director to determine whether other extraordinary and compelling reasons exist. *See* Guideline § 1B1.13

cmt. n.1(A)-(D). In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [Guideline § 1B1.13 cmt. n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020); *see also United States v. Brooker*, __F.3d__, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."). The court incorporates its *Hernandez* analysis here.

### B.     Extraordinary and Compelling Reasons Do Not Warrant Release

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant contends that he should be released from custody because: (1) he suffers from obesity,[2]

---

[2] Although the court was not provided any recent medical records, in August 2017, Defendant had a BMI of 34.7 and was diagnosed with hypertension. *See* ECF No. 36-5. According to Defendant, he is 5'9" tall and presently weighs 265 pounds. *See* ECF No. 36-1 at PageID # 142. This weight and height results in a BMI of 39.1. *Calculated at* https://www.cdc.
(continued . . .)

hypertension, and a torn meniscus on the knee; (2) he is at great risk while incarcerated at Sheridan due to the COVID-19 pandemic; and (3) he is unable to provide the necessary self-care to manage his medical conditions at Sheridan.[3] Defendant also points out that he has worked while in custody, completed various educational courses, and has community support and a release plan should the Motion be granted. *See* ECF No. 36-6. The court addresses each argument in turn.

The court agrees that Defendant has underlying medical conditions that place him or might place him at an increased risk for severe illness from COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), individuals with "[o]besity (body mass index [BMI] 30 kg/m$^2$ or

---

gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited October 22, 2020).

[3] Specifically, quoting the Guidelines, Defendant claims that he is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." ECF No. 36-1 at PageID # 143. But Defendant misquotes Guideline § 1B1.13 cmt. n.1(A)(ii)—the serious physical or medical condition must not only diminish the capacity of the person to self-care while in custody, but it also must be one from a condition from which the person "is not expected to recover." Here, even if Defendant could not "recover" from obesity (at least while COVID-19 remains a threat), he has failed to demonstrate that his obesity or any other medical issue diminishes his ability to self-care. There is no explanation of what self-care is required for obesity, and hypertension is typically treated with medication and requires little other self-care (other than, perhaps, diet). Although Defendant claims that he cannot self-care for his knee injury, he fails to explain how the knee injury is a "serious physical or medical condition" or if it is one from which he is not expected to recover. Further, as explained below, even if Defendant did establish extraordinary and compelling reasons that justify release, the court would deny the Motion after a consideration of the § 3553(a) factors.

higher . . .)" fall into a high-risk category. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 22, 2020). Further, an individual with hypertension "might be at an increased risk." *See id.* In short, Defendant's pre-existing medical conditions place him at an increased risk should he contract COVID-19.

On the other hand, at 49 years old, Defendant is not in a high-risk age group. As stated by the CDC:

> As you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited October 22, 2020).

Next, BOP reports that 577 inmates have been tested for COVID-19 at Sheridan, and 12 tests have returned positive. *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited October 22, 2020). Presently, Sheridan reports only one inmate and no staff members with "confirmed active cases" of COVID-19. *See* https://www.bop.gov/coronavirus/ (COVID-19 resource

7

page) (last visited October 22, 2020).[4]  Despite these very low numbers, the court recognizes that COVID-19 cases could rise in Sheridan, as has happened in several BOP facilities.

Taking into account Defendant's age, medical condition, and the relatively low number of active COVID-19 cases at Sheridan, the court concludes that Defendant has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release.[5]

And to the extent that Defendant makes a more generalized argument regarding the risk of contracting COVID-19 in a BOP facility, the court disagrees. *See, e.g.*, *United States v. Drummondo-Farias*, ___ F. Supp. 3d ___, 2020 WL 2616119, at *5 (D. Haw. May 19, 2020) ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing

---

[4] Sheridan currently houses 1,457 inmates (1,083 total at the correctional facility and detention center and an additional 374 at the adjacent minimum-security satellite camp).  *See* bop.gov/locations/institutions/she/ (last visited October 22, 2020).

[5] Several courts have determined that obesity—alone or paired with hypertension—does not provide adequate grounds for compassionate release.  *See e.g.*, *United States v. Lavatai*, 2020 WL 4275258, at *2 (D. Haw. July 24, 2020); *United States v. Battis*, 2020 WL 5094844, at *1 (M.D. Fla. Aug. 28, 2020); *United States v. Wilfred*, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020); *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020); *United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Wax*, 2020 WL 3468219, at *2-3 (D.N.J. June 25, 2020).

Commission's policy statement[.]'") (quoting *United State v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020)).

C.  **Section 3553(a) Factors**

Even if Defendant had demonstrated that extraordinary and compelling reasons exist to justify compassionate release, the court would deny the motion based on a consideration of the § 3553(a) factors.

As relevant to this case, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;[6] and (2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(1)-(2).  And under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).

---

[6] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

Defendant trafficked in substantial quantities of methamphetamine. *See* Presentence Investigation Report ("PSR") ¶¶ 7-15, ECF No. 31 at PageID ## 78-80.  In total, Defendant was held responsible for 1,695 grams of "ice," 485 grams of generic methamphetamine, and 37 grams of cocaine.  *Id*. ¶ 25, ECF No. 31 at PageID # 81-82.

Defendant also has a long and troubling criminal history.  *Id*. ¶¶ 39-46, ECF No. 31 at PageID  ## 83-87.  Aside from the instant conviction, Defendant has been convicted of the following offenses, among others: promoting a Dangerous Drug 3, Assault 3, and Unauthorized Control of Propelled Vehicle in 1997; Abuse of Family/Household Member in 1997; Promoting a Dangerous Drug 3 in 2000; and Promoting a Dangerous Drug 1 and Promoting a Dangerous Drug 2 in 2002.  Defendant had either probation or parole revoked for each of these convictions, and he committed the instant offense while on parole.  *Id.*

Further, Defendant still has a significant portion of his sentence to serve—he is not scheduled for release from custody until June 27, 2027, over eighty months from now.  *See* https://www.bop.gov/inmateloc/ (last visited October 22, 2020).[7]

---

[7] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant

(continued . . .)

In mitigation, Defendant points out that he has significant community support, he has a release plan on Oahu that includes employment, he worked while in custody, and he has completed BOP educational courses to better himself. ECF No. 36-1 at PageID ## 149-50.

Considering all of the § 3553(a) factors, including the offense conduct, Defendant's prior convictions, the time remaining on Defendant's sentence, and the mitigating factors, reducing Defendant's sentence to time served would undermine the goals of sentencing set forth in § 3553(a)(2).

In sum, the court finds that Defendant has not established the requisite extraordinary and compelling reasons to warrant compassionate release, and, even if he had, the court would deny the motion based on the relevant § 3553(a) factors.

///

///

///

///

///

---

compassionate release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020); *United States v. Bogdanoff*, __F. Supp. 3d__, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020); *United States v. Moskop*, 2020 WL 1862636, at *1-2 (S.D. Ill. Apr. 14, 2020); *United States v. Farmer*, 2020 WL 4057550, at *2 (N.D. Ohio July 20, 2020); *United States v. Steffey*, 2020 WL 3840558, at *1 (D. Nev. July 8, 2020).

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 36, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kaplan,* Cr. No. 17-00432 JMS, Order Denying Defendant's Motion for Reduction in Sentence (Compassionate Release), ECF No. 36